Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
UNITED AIRLINES, INC.

-and-

All the parties on the signature page

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE RACHEL KROPP, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-08344-GW (SSx)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

The parties hereto agree, and the Court hereby enters, this Stipulated Protective Order ("Order") governing the disclosure during pretrial discovery and the subsequent handling of sensitive and confidential information as follows:

## 1. PURPOSES AND LIMITATIONS

**1.1. Scope.** This Protective Order shall apply to proceedings and discovery in the above-captioned case known as *Stephanie Rachel Kropp v. United Airlines, Inc.,* Case No. 2:19-cv-08344-GW (JPRx).

**1.2. Statement of Need.** This case arises from a passenger's alleged injuries sustained while on board United Flight 1294 from Los Angeles, CA to San Francisco, CA on November 29, 2018. To facilitate productive discovery, the

parties need to exchange documents, items, and information of private, confidential, and/or proprietary nature. Prior to production, no party can effectively evaluate the claims of the other as to the need for protection. Thus, a means that enables the production of documents at least to the point of evaluating the asserted need for protection, as well as an order specifying how such documents need to be treated, is warranted in this case. Moreover, pursuant to the terms of this Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

In the absence of this Order, the Court would have to evaluate many documents individually, and this task would burden the Court's processes and slow discovery. As to those documents that are entitled to protection, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of parties, or of third parties.

A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action. A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

**1.3. Application.** This Order shall govern any information produced in this litigation by any party or third party, in any form (including, but not limited to, documents, magnetic media, answers to interrogatories, responses to document demands, responses to requests for admissions, and deposition testimony and transcripts), when there is an objectively reasonable basis for the party producing the information to believe in good faith that the information to be produced contains private, proprietary, sensitive, trade secret, non-public financial or

medical information. Documents, or portions thereof, that are considered confidential may be so designated by marking them as "CONFIDENTIAL", as hereinafter provided for in this Order.

**1.4. Limitations.** The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2. DEFINITIONS

**2.1. Confidential Information.** "Confidential Information" shall mean and include, without limitation, any information that implicates personal privacy, information that concerns or relates to proprietary information, trade secrets, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential customers, marketing studies, performance and projections, non-public business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, non-public risk management practices and strategies, non-public agreements with third parties, and confidential proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships, personal identifying information for individuals who are not parties to this lawsuit, health and medical information, and financial and employment records.

For purposes of this section, "trade secrets" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

**2.2. Documents.** As used herein, the term "documents" includes all

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

writings, records, files, drawings, graphs, charts, photographs, emails, videotapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained, and other tangible things subject to production under the Federal Rules of Civil Procedure.

**2.3. Designating Party.** The "Designating Party" is the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.4. Producing Party.** The "Producing Party" is the party or non-party that produces documents in this action.

**2.5. Receiving Party.** The "Receiving Party" is the party that receives documents from a Producing Party.

## 3. INITIAL DESIGNATION

**3.1. Produced Documents.** A Producing Party that has an objectively reasonable basis for believing in good faith that the documents to be produced constitute or contain Confidential Information shall produce copies bearing a label that contains (or includes) language substantially identical to the following: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL."

These labels shall be affixed in a manner that does not obliterate or obscure the contents of the copies. Claims of confidentiality will be made only with respect to portions of documents to which the Designating Party has an objectively reasonable basis for believing in good faith that they contain Confidential Information and are legally entitled to protection from discovery and disclosure under Federal Code of Civil Procedure and applicable case law.

If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for the asserted protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation. If the Designating Party is also the Producing Party, then

that party must also produce substitute copies of the documents with the "Confidential" label removed.

**3.2. Interrogatory Answers.** If a party answering an interrogatory has an objectively reasonable basis for believing in good faith that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.1. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

**3.3. Inspections of Documents.** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information need be made in advance of the inspection. For the purposes of such inspection, all material inspected shall be considered as Confidential Information. If the inspecting party selects specified documents to be copied, the Producing Party shall designate Confidential Information in accordance with subparagraph 3.1 at the time the copies are produced.

**3.4. Deposition Transcripts.** If, during a deposition in this action, a party has an objectively reasonable basis for believing in good faith that counsel's questions implicate Confidential Information, or if counsel uses an exhibit that has been designated as "Confidential," a party may designate that portion of the deposition as "Confidential." Only those pages of the deposition that are designated as "Confidential" and those exhibits that are designated as "Confidential" will be subject to the restrictions set forth in this Protective Order. A party may challenge any designation made in connection with a deposition as set forth in section 5 below.

Within 10 days after the receipt of a deposition transcript, a party may inform the other parties to the action of additional portions of the transcript

(including exhibits) that it wishes to designate as Confidential Information. That portion of the deposition transcript (including exhibits referred to therein) shall be treated as Confidential Information for ten (10) days after receipt. If no designation is made within ten (10) days of receipt, no additional portions of the deposition transcript, other than those designated as Confidential during the deposition shall be considered as Confidential Information. All parties in possession of a copy of a designated deposition transcript shall mark the front of each copy of the transcript with: "PORTIONS MARKED CONFIDENTIAL." For videotaped depositions in which a portion has been designated as confidential, the videocassette, DVD, and the containers shall also be marked with: "PORTIONS MARKED CONFIDENTIAL."

**3.5. Multi-page Documents.** If justified, a party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 3.1 on each page of the document containing Confidential Information.

**3.6. Electronic Data.** "Electronic data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes). Counsel for the Producing Party will designate Electronic Data as "CONFIDENTIAL" in a cover letter identifying the information generally. When feasible, counsel for the Producing Party will also mark the electronic or magnetic media with the appropriate designation.

Whenever any party to whom Electronic Data designated as Confidential Information is produced reduces such material to hardcopy form, such party shall

mark the hardcopy form with the label specified in subparagraph 3.1. Whenever any Confidential Information Electronic Data is copied into another file, all such copies shall also be marked "CONFIDENTIAL" as appropriate.

To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "CONFIDENTIAL", that party and its counsel must take all necessary steps to ensure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

**3.7. Inadvertent Failures to Designate.** If a Producing Party inadvertently fails to stamp or otherwise appropriately designate certain documents upon their production, it may thereafter designate such document as "CONFIDENTIAL" by promptly giving written notice to all parties that the material is to be so designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be "CONFIDENTIAL" material. If the Producing Party gives such written notice as provided above, their claims of confidentiality shall not be deemed to have been waived by failure to designate properly the information as "CONFIDENTIAL" prior to disclosure. If the Designating Party is also the Producing Party, then that party must also produce substitute copies of the documents with the "Confidential" label added. The Receiving Party shall then return to the Designating Party, or destroy, as the parties may agree, all known copies of the originally-produced, unstamped documents. The Receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive "CONFIDENTIAL" information under the terms set forth herein.

/ /

**3.8. Mandatory Disclosures.** If a party making mandatory disclosures required believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.1. Such disclosure should make reference to the separately produced document containing the information, but such document should not be attached to the disclosure.

**4. DESIGNATIONS BY ANOTHER PARTY**

**4.1. Notification of Designation.** If a party other than the Producing Party believes that a Producing Party has produced a document that contains or constitutes Confidential Information of the non-Producing Party, the non-Producing Party may designate the document as "CONFIDENTIAL" by so notifying all parties in writing, including by facsimile or email within thirty (30) days of service of the document.

**4.2. Return of Documents; Non-disclosure.** Whenever a party other than the Producing Party designates a document produced by a Producing Party as Confidential Information in accordance with subparagraph 4.1, the Designating Party shall produce substitute copies of the document with the "CONFIDENTIAL" designations added in accordance with subparagraph 3.1. The Receiving Party shall then return to the Designating Party, or destroy, as the parties may agree, all known copies of the originally-produced, unstamped documents. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the thirty (30) day designation period specified in subparagraph 4.1. If during the thirty (30) day designation period, a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the Producing Party, at

the direction of the Producing Party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the Designating Party, in accordance with subparagraph 7.1.

## 5. OBJECTIONS TO DESIGNATIONS

A party is not obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge thereto. In the event that a party disagrees with a "CONFIDENTIAL" designation, that party shall notify the Designating Party in writing of the disagreement prior to the close of fact discovery and in conformance with the Court's scheduling order. The objecting party and the Designating Party shall promptly confer in an attempt to resolve their differences. If the Designating Party and objecting party are unable to resolve their differences , the objecting party shall have twenty-one (21) days from the date of notification to the Designating Party to file a motion under Local Rule 37 seeking the Court's ruling on whether the information should remain designated as "CONFIDENTIAL," which deadline may be extended by agreement between the Designating Party and the objecting party. The contested material shall be lodged with the Court under seal. The burden of proving that the information has been properly designated as "CONFIDENTIAL" based on the standards for such designations set forth herein, is on the Designating Party.

All documents initially designated as "CONFIDENTIAL" shall continue to be subject to this Order unless and until the Court rules otherwise. If the Designating Party elects not to make a motion for a clarifying ruling with respect to whether documents should be designated as "CONFIDENTIAL," the "Confidential" designation shall be deemed to have been withdrawn, and, if the Designating Party is also the Producing Party, then that party must also produce substitute copies of the documents with the "Confidential" label removed.

## 6. CUSTODY

During the pendency of this litigation (including any appeals) and for ninety (90) days after the conclusion of this litigation, all Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the Receiving Party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1 or by the Judge. Paragraph 9 addresses in more detail handling of Confidential Information after the conclusion of this litigation.

## 7. HANDLING PRIOR TO TRIAL

### 7.1. Authorized Disclosures

7.1.1. Materials designated "CONFIDENTIAL" shall only be disclosed to the persons listed in the subparagraphs (a) through (j) below. Before disclosing Confidential Information to any of the following persons, counsel shall ensure that the persons receiving Confidential Information are aware of the terms of this Protective Order and agree to comply with those terms:

a. Attorneys appearing as counsel of record in these proceedings and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

b. Counsel's third-party consultants and independent experts (and their agents and employees) who are employed for the purposes of this litigation;

c. Parties to this litigation, limited to the named party and if that party is a corporate entity, those officers, directors, employees, in-house counsel, and insurers whose assistance is required for purposes of the litigation and who must have access to the materials to render such assistance;

d. Any deponent, during his or her deposition, who is the Designating Party or a current employee or member of the Designating Party (or any person who prepared or assisted directly in the preparation of the CONFIDENTIAL material);

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

e. Any other deponent as to whom there is a legitimate need to disclose particular materials for purposes of identifying or explaining it or refreshing recollection;

f. Fact witnesses or potential percipient witnesses at or in preparation for deposition or trial;

g. Outside vendors employed by counsel for *e.g.,* copying, scanning and general handling of documents;

h. Persons or entities that provide litigation support services in connection with the taking of depositions, including necessary stenographic, videotape, and clerical personnel;

i. The Court and Court's Staff to whom materials are submitted as evidence or in connection with a motion or opposition thereto, subject to the Court's processes for filing materials under seal; and

j. Members of the jury, subject to the rules of the Court.

7.1.2. Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Information designated as "CONFIDENTIAL" shall not be disclosed to persons described in Paragraphs 7.1.1(b), 7.1.1(e), of 7.1.1(f), 7.1.1(g), and 7.1.1.(h) unless and until such persons are provided a copy of the Protective Order entered by the Court, represent that they have read and understand the provisions of the Order, are advised by the disclosing counsel that they are bound by the provisions of the Protective Order and execute an Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto as Exhibit A. The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

7.1.3. Nothing in this Protective Order shall prohibit a party or its

counsel from disclosing "CONFIDENTIAL" material to (a) the person(s) who authored the document or material; (b) persons who previously received the document or material or a copy thereof not in violation of this Order; (c) persons employed by the Producing Party; or (d) any other person or entity, provided that, with respect to that person or entity, the Producing Party and Producing Party's counsel first approve such disclosure in writing.

**7.2.    Additional Protection.**  If a Designating Party believes that the disclosure and handling procedures provided for in this Order are not sufficient because certain material is extremely sensitive, the Designating Party shall inform the other parties to the litigation and attempt to reach an agreement on the handling of the material.  If the parties cannot reach an agreement, the Designating Party may file a motion with the court under Local Rule 37 for a more restrictive order. Such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement.

**7.3.    Unauthorized Disclosures.**  If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the Designating Party. Without prejudice to other rights and remedies of the Designating Party, the responsible party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**7.4.    Court Filings.**  In the event any Confidential Information must be filed with the Court prior to the trial, the proposed filing shall be filed under seal.

**8. HANDLING DURING TRIAL**

Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions as imposed by

the trial court upon application by the Designating Party.

## 9. HANDLING AFTER DISPOSITION

Within 90 days of the conclusion of this litigation (including any appeals), the Designating Party may request that any or all Confidential Information be returned to the Designating Party. After receiving a request to return, the Receiving Party at its option may destroy Confidential Information instead of returning it to the Designating party, but must so notify the Designating Party. The request for return shall specifically identify the documents or things to be returned if return of less than all Confidential Information is requested. The attorney for the Receiving Party shall collect, assemble and return within 60 days all such Confidential Information, including all copies and extracts thereof in the possession of the Receiving Party, its counsel or other authorized recipients, but not including copies, extracts or summaries that contain or constitute attorney work product. If such work product is retained, however, the Confidential Information contained herein will continue to be controlled by this Protective Order. Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested.

## 10. USE OF CONFIDENTIAL INFORMATION

Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending or settling this litigation. In no event shall Confidential Information be used for any business, competitive, personal, private, public or other purpose, except as required by law.

## 11. NO IMPLIED WAIVERS

The entry of this Order shall not be interpreted as a waiver of the right to object to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Neither the agreement to, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

or position or defense in this action, or any other actions.

## 12. MODIFICATION

In the event any party hereto seeks a Court order to modify the terms of this Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

## 13. CARE IN STORAGE

Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

## 14. NO ADMISSION

Neither this Order nor the designation of any item as "CONFIDENTIAL" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

## 15. NO APPLICATION

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that (a) at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or (b) at the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available.

## 16. INADVERTENT PRODUCTION

Nothing in this Order abridges applicable law concerning inadvertent production of a document that the Producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER - 14 -
CASE NO.: 2:19-CV-08344-GW (SSX)

## 17. PARTIES' OWN DOCUMENTS

This Order shall in no way restrict the parties use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or non-party.

## 18. NO EFFECT ON OTHER RIGHTS

This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

## 19. EXECUTION IN COUNTERPARTS

This agreement may be executed in counterparts. Facsimile signatures will be considered as valid signatures as of the date hereof.

## 20. EFFECT OF ORDER

This Order is binding on all parties to this action and on all parties who have agreed to be bound by this Order, and shall remain in full force and effect until modified, superseded or terminated by consent of the parties or by Order of Court.

This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the resolution of this litigation.

**STIPULATED AND AGREED TO:**

Dated: February 27, 2020　　　　Dated: February 27, 2020

By: /s/ Richard A. Lazenby　　　　By: /s/ Thomas V. Girardi
　　Richard A. Lazenby　　　　　　　　(with permission)
　　Michael Cutler　　　　　　　　　　Thomas V. Girardi
　　VICTOR RANE　　　　　　　　　　tgirardi@girardikeese.com
　　Attorneys for Defendant　　　　　Alexa F. Galloway
　　UNITED AIRLINES, INC.　　　　　afgalloway@girardikeese.com
　　　　　　　　　　　　　　　　　　　GIRARDI | KEESE
　　　　　　　　　　　　　　　　　　　1126 Wilshire Boulevard
　　　　　　　　　　　　　　　　　　　Los Angeles, California 90017
　　　　　　　　　　　　　　　　　　　Telephone: (213) 977-0211
　　　　　　　　　　　　　　　　　　　Facsimile: (213) 481-1554
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

STEPHANIE RACHEL KROPP

**<u>ORDER</u>**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: March 19, 2020

_____
Hon. Jean P. Rosenbluth
U.S. Magistrate Judge

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE RACHEL KROPP, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 2:19-cv-08344-GW (SSx)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury that:

1. I have reviewed and agree to comply with and be bound by the provisions of the Stipulated Protective Order (the "Order"), and I attest to my understanding that access to information designated as "CONFIDENTIAL" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I understand and acknowledge that failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt.

2. I understand that I am to retain all copies of any information designated as "CONFIDENTIAL" in a secure manner, and that all copies are to remain in my personal custody until this action is terminated or until I have completed by assigned duties, whichever occurs earlier, whereupon the copies and any writings prepared by me containing any information designated as "CONFIDENTIAL" are to be destroyed or returned to counsel who provided me with such material at the option of counsel.

3. I will not divulge to persons other than those specifically authorized

by said Order, and will not copy or use except solely for the purpose of this action, any information designated as "CONFIDENTIAL" obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

    4.    I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after this action is terminated.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____, 2020    By:_____

                                 Name:

                                 Title:

                                 Affiliation:

                                 Address:

                                 Tel.:

                                 E-Mail: